```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN CARTER,                    )
          Petitioner,           )
                                ) Civil Action No. 05-1078
     v.                         ) Judge Terrence F. McVerry
                                ) Magistrate Judge Amy Reynolds Hay
DONALD L. KELCHNER,             )
          Respondent.           )
```

                    REPORT AND RECOMMENDATION

I.   RECOMMENDATION

   It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

II.  REPORT

   Petitioner, John Carter, a state prisoner incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

   On October 2, 1996, following a jury trial, Petitioner was adjudged guilty of Second Degree murder as well as three (3) counts of Robbery, two (2) counts of Criminal Conspiracy and one (1) count of Violation of the Uniform Firearms Act: Firearms Not to Be Carried Without a License. On November 26, 1996, Petitioner was sentenced to life imprisonment. Petitioner filed a timely notice of appeal and on November 17, 1997, Judge Kathleen Durkin filed her Opinion. (Commw. Ex. 16, doc. no. 11).

On January 12, 2000, the Superior Court affirmed the judgment of the Court of Common Pleas of Allegheny County. (Commw. Ex. 19, doc. no. 11). Petitioner filed a timely petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied by that Court on June 20, 2001. (Commw. Ex. 23, doc. no. 11).

On June 12, 2002, Petitioner filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542. (Commw Ex. 24, doc. no. 12). On February 25, 2003, Petitioner, through appointed counsel, filed a Supplemental Petition for Post-Conviction Collateral Relief. (Commw Ex. 25, doc. no. 12). On April 29, 2003, the Trial Court denied the PCRA Petition. (Commw. Ex. 28, doc. no. 12). Petitioner filed a timely Notice of Appeal and on July 23, 2004, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner PCRA relief (Commw. Ex. 34, doc. no. 12). On August 19, 2004, Petitioner, through counsel, filed a Petition for Allowance of
Appeal in the Supreme Court of Pennsylvania. (Commw. Ex. 38, doc. no. 12). The Supreme Court of Pennsylvania denied the Petition on December 15, 2004. (Commw. Ex. 39, doc. no. 12). Petitioner's federal petition for writ of habeas corpus was executed on June 21, 2005.

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions.[1] The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a

---

[1] Federal habeas law provides for a one-year limitations period applicable to state prisoners as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), cert denied, 125 S.Ct. 904 (Jan. 10, 2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal on June 20, 2001. Consequently, direct review of Petitioner's conviction became "final" on or about September 18, 2001, i.e, the date of the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time

limit (90 days) for filing a writ of certiorari in the Supreme Court). Thus, Petitioner had one year from that date, i.e., until September 18, 2002, to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Petitioner did not file his federal Habeas Petition by September 18, 2002. Instead, his federal habeas corpus petition was not filed in this Court until June 21, 2005, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner filed his first PCRA petition on June 12, 2002. Therefore, his one-year limitations period began running on September 19, 2001 and continued to run until June 12, 2002, when he filed his first PCRA petition. From September 19, 2001 until June 12, 2002 two-hundred and sixty-six days (266) days had run on Petitioner's one-year limitations period; ninety-nine (99) days remained. Petitioner's one-year AEDPA limitations was tolled while he was pursuing his first PCRA proceeding from June 12, 2002 through

December 15, 2004, the date the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal. His limitations period began running again on December 16, 2004 and expired ninety-nine days later on March 25, 2005.

Consequently, Petitioner's one-year limitations period ended on March 25, 2005. Petitioner did not file his federal habeas corpus petition until June 20, 2005, almost three months after his limitations period had expired. Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in

§ 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. Id. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), cert. denied, 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. See, e.g., Johnson v. Hendricks, 314 F.3d 159 (3d Cir.

2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, it is recommended that the Petition be dismissed as untimely.

Section 2253 of Title 28, United States Code, generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching

the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period.  Accordingly, a certificate of appealability should be denied.

III. <u>CONCLUSION</u>

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                                      Respectfully submitted,

                                                      <u>/s/ Amy Reynolds Hay</u>
                                                      AMY REYNOLDS HAY
                                                      United States Magistrate Judge

Dated:    25 September, 2006

cc:    The Honorable Terrence F. McVerry
       United States District Judge

       John Carter, DD-1814
       SCI Camp Hill
       PO Box 200
       Camp Hill, PA 17001

       Ronald M. Wabby, Jr.
       Office of the District Attorney
       Appeals/Post Conviction
       401 Allegheny County Courthouse
       Pittsburgh, PA 15219